IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

Rudy Mendez,
an individual,

        Plaintiff,

v.

Case No.:

Ocwen Loan Servicing, LLC,

        Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Rudy Mendez (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby files his Complaint and sues Defendant Ocwen Servicing, LLC (hereinafter "Defendant"). In support thereof, Plaintiff alleges:

## PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violation of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and violation of the Fair Debt Collection Practices Act, 15 United States Code, Section 1692, *et seq.* (hereinafter, "FDCPA").

Defendant, Ocwen Loan Servicing, LLC, was involved in a class action lawsuit titled McWhorter v. Ocwen Loan Servicing, LLC, Case No. 2:15-cv-01831-MHH filed in the Northern District of Alabama Southern Division.

## JURISDICTION, VENUE & PARTIES

1. This is an action for damages that exceeds $500.00, but are less than $2,500.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida

1

Statutes, Sections 34.01, 47.011, and 559.77(1), as well as 15 United States Code, Section 1692k(d).

3. At all material times herein, the conduct of Defendants, complained of below, occurred in Polk County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Polk County, Florida.

5. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this Circuit as the events described herein occur in this Circuit.

6. At all material times herein, Defendant is a foreign limited liability company existing under the laws of the state of Delaware that is engaged in business in Florida, but with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

## FCCPA & FDCPA STATUTORY STRUCTURE

7. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5)

8. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector— who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit

2

engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692a(6); Fla. Stat. § 559.55(5).

9. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added). 15 U.S.C. § 1692a(2); Fla. Stat. § 559.55(2).

10. For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from claiming, attempting, or threatening to enforce a consumer debt "when such person knows that the debt is not legitimate" or by asserting a legal right that does not exist. *See* Fla. Stat. § 559.72(7) and 559.72(9).

11. The FDCPA prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. *See* 15 U.S.C. 1692f(1).

## GENERAL ALLEGATIONS

12. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

13. At all material times herein, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. At all material times herein, Defendant used interstate mail while engaging in a business, the principal purpose of which is the collection of consumer debts.

15. At all material times herein, Defendant collects or attempts to collect—directly or

3

indirectly—debts owed or due to another, or asserted to be owed or due to another.

16. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a(3).

17. At all times material herein, Defendants attempted to collect an alleged debt due from Plaintiff, specifically convenience fee payments in relation to loan number ending in -7411, (hereinafter, "Debt").

18. At all material times herein, Defendants are a "person" subject to Florida Statutes, Section 559.72. *See* Fla. Stat. § 559.55(5); *see also Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

19. At all material times herein, Defendants acted themselves, or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers, and insurers.

20. At all material times herein, the Debt was consumer debt, an obligation resulting from a transaction or transactions for goods or services, and was incurred primarily for personal, household, or family use.

21. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

**FACTUAL ALLEGATIONS**

22. Plaintiff purchased property located at 416 Short Drive Kissimmee, FL 34759 referenced by Ocwen Loan Number ending in - 7411 (hereinafter "Property").

23. Plaintiff previously defaulted on mortgage payments.

24. Subsequently, the loan was transferred to Defendant.

25. Ocwen partnered with Western Union to provide payments for homeowners by

4

offering payments through their Speedpay service in which, fees are charged for payments over the telephone, online, and other payment options.

26. Partnerships like these help debt collectors like Western Union and Ocwen make more money by having them charge more for these convenience fees and splitting the profits.

27. Plaintiff made payments through the Speedpay service and was subsequently charged fees.

28. Plaintiff paid at least $71.00 in fees using the Speedpay service.

29. Ocwen nor Western Union never disclosed the amount of money that was split between the two and homeowners such as Plaintiff could not have known about the fee

30. Plaintiff retained the Law Offices of Consumer Law Attorneys Corp. (hereinafter collectively, "Undersigned Counsel") for the purpose of pursuing this matter against the Defendant, and Plaintiff is obligated to pay his attorney a reasonable fee for their services.

31. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

32. 15 United States Code 1692k provides for the award of $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through thirty-two (32) as if fully restated herein and further states as follows:

5

33. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

34. Specifically, there is no contract or existing law that allows Defendant to charge convenience fees or share in convenience fees that Western Union charges.

35. Defendant and Western Union colluded to charge excessive convenience fees, so that each of them could turn a higher profit.

36. Defendant knew and was aware that kickbacks are something that are not allowed in the loan servicing industry as a whole.

37. Defendant and countless other loan servicing companies have been sued for violating these kickback schemes and taking advantage of countless consumers to churn a profit.

38. As such, Defendant knowingly attempted to collect a Debt they knew was not legitimate.

39. Defendant's fee-collecting misconduct was frequent, persistent, and intentional.

40. As a direct and proximate result of Defendant' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF 15 U.S.C. 1692f

Plaintiff re-alleges paragraphs one (1) through thirty-two (32) as if fully restated herein and further states as follows:

41. Defendant, Ocwen is a loan servicer and regularly collects payments from homeowners and before this loan was acquired it was in default.

6

42. Plaintiff's property in question was in default previously as the property was previously in foreclosure for default on the mortgage prior to transfer to Defendant.

43. 15 U.S.C. 1692e provides - A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

44. Specifically, Ocwen made a profit with Western Union charging convenience fees.

45. There is no contract or law that permits Ocwen to charge fees authorized by any contract or law it is in violation of 15 U.S.C. 1692f.

46 As a direct and proximate result of Defendant' actions, Plaintiff sustained damages as defined by 15 U.S.C. 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants actions and conduct, Plaintiff respectfully requests against Defendants entry of:

a. Judgment against Defendant declaring that Defendant violated the FCCPA and FDCPA;

b. Judgment against Defendant for maximum statutory damages for violations of the FCCPA and FDCPA;

c. Judgment against Defendants for actual damages in an amount to be determined at trial;

7

      d.      Judgment against Defendants for an award of reasonable attorneys' fees and costs; and

      e.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant, and demands that they and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**Consumer Law Attorneys**

/s/ *Young Kim*
**Young Kim, Esq., FBN 122202**
2727 Ulmerton Rd., Ste. 270
Clearwater, FL 33762
Phone: (877) 241-2200
service@consumerlawattorneys.com
ykim@consumerlawattorneys.com
*Counsel for Plaintiff*